Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant,
DBEST PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU HAOSHI TRADING CO., LTD., a Chinese Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DBEST PRODUCTS, INC., a California Corporation; RICHARD ELDEN and UNKNOWN ELDEN, a married couple,<br><br>Defendants. | Case No.: 2:23-cv-07487-CBM-JPR<br><br>**DBEST PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S APPLICATION TO SERVE RICHARD ELDEN BY E-MAIL**<br><br>JUDGE: CONSUELO B. MARSHALL<br>COURTROOM: 8D<br>EX PARTE |

## I. INTRODUCTION

Plaintiff's application to serve defendant Richard Elden by email should be denied. There is no evidence that Mr. Elden is evading service. Since filing the Complaint in September 2023 (almost eight months ago), the plaintiff has tried to serve Mr. Elden at his office address ***only once***. Since then, it has complained that Mr. Elden's counsel could not agree to accept service and then it tried to serve Mr. Elden at the wrong address. Fed. R. Civ. P. 4(f) provides for service by alternative means for *foreign corporations and individuals*, for whom service under Fed. R. Civ. P. 4(e) might be impossible or extremely difficult. That is not the case here, where Mr. Elden lives and works in the Los Angeles area. dbest does not object if the Court chooses to give the plaintiff more time to serve Mr. Elden properly, but service by email is unnecessary and unwarranted and should not be permitted.

## II. FACTUAL BACKGROUND

Plaintiff Guangzhou Hoashi Trading Co. Ltd. ("Haoshi") filed its Complaint on September 8, 2023. On September 12, 2023, after learning that Haoshi had filed (but not served) a complaint against dbest, Richard Elden and "Unknown Elden," and receiving the Complaint, dbest's counsel called Ms. Lisbeth B. Merrill, the California attorney who had signed it, to discuss resolving the dispute. Declaration of Ehab M. Samuel in Support of dbest's Opposition to Plaintiff's motion to Motion for Sanctions ("Samuel Decl."), ¶ 2. On the call, Ms. Merrill suggested he speak with Michael B. Marion, Haoshi's lead counsel. At no time did they discuss service of process on any of the named defendants. *Id.* Since that initial contact with Ms. Merrill, dbest's counsel's communications with the plaintiff's counsel have all

been with Mr. Marion and via Zoom or email. *Id.*, ¶ 3. He communicated with Mr. Marion to resolve the matter but was unsuccessful. *Id.* ¶ 4. His last real-time conversation with Mr. Marion was via Zoom on December 19, 2023. *Id.*, ¶ 4.

On December 6, 2023, plaintiff's counsel had a process server attempt to serve the Complaint on the defendants at dbest's headquarters at 16506 S. Avalon Boulevard, Carson, CA 90746, but that attempt was unsuccessful. Dkt. 20-7. On the December 19, 2023 Zoom call, Mr. Marion asked dbest's counsel to accept service on behalf of defendants. *Id.*, ¶ 5. He informed Mr. Marion that he was not authorized to accept or waive service but that he would check whether defendants would agree. *Id.* Subsequently, he conveyed Mr. Marion's request to Mr. Elden, but Mr. Elden did not authorize counsel to accept service on his behalf or on behalf of the company. *Id.* ¶ 6. Mr. Elden is not married, so the named defendant "Unknown Elden" does not exist. *Id.*

Between March 14 and April 17, 2024, a process server made six unsuccessful attempts to serve what he described in his affidavit as "Application for Etention of time to file proof of service for corporate" on defendants at 121 15th Street, Manhattan Beach, CA 90266. Dkt. 20-8. According to Ms. Merrill's declaration, she found that address using a paid internet search service, and she even noted that the address had been updated in 2022 to the South Avalon Blvd address. Dkt. 15 at 5, ¶ 5.

On April 5, 2024, the Court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution. Dkt. 15. On or around April 5, 2024, dbest's counsel learned that dbest's registered agent for service of process had been personally served with

the summons and complaint. Samuel Decl., ¶ 9. On April 8, 2024, plaintiff filed an application to serve by publication. Dkt. 14. Ms. Merrill advised the Court that service had been effectuated on the agent for service of process for dbest on April 5, 2024 and that the proof of service would be filed shortly. *Id*., p.4, ¶ 3. Haoshi blamed defendants' counsel for not having served Mr. Elden. Ms. Merrill alleged that the plaintiff's counsel "have tried to get counsel for Defendants to accept or waive service for his clients. He, however, has stated that he intends to make service as difficult as possible." Dkt. 14, at 4, ¶ 2. But dbest's counsel has never said any such thing to Ms. Merrill or Mr. Marion. Samuel Decl, ¶¶ 9, 11.

On April 19, 2024, the Court granted Haoshi's request for additional time to file a proof of service and serve the Complaint on Mr. Elden. Dkt. 16. The Court otherwise denied Haoshi's application and ordered it to file a proof of service of the summons and complaint on the defendants no later than May 3, 2024. As of today, the docket for this case does not reflect that Haoshi has filed a proof of service on dbest. Nevertheless, having been served, dbest filed its Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and supporting documents, on April 26, 2024. On April 29, 2024, Haoshi filed its application to serve Richard Elden by email along with the supporting declaration of Ms. Merrill. Dkt. 20. On April 30, 2024, dbest served Haoshi its Motion for Sanctions pursuant to the "safe harbor" provision of Rule 11.

Mr. Elden is not trying to make the service of process as difficult as possible. Nor is he trying to evade service. Samuel Decl., ¶ 12. The address where Haoshi's process server has tried six times between mid-March and late April to serve

documents corresponds to a house that used to belong to Mr. Elden, but he sold it several years ago. *Id.*, ¶ 13. This is consistent with Ms. Merrill's testimony that her paid internet service had updated Mr. Elden's address in 2022 to dbest's South Avalon Boulevard address. Dkt. 14, p. 5, ¶ 8. Haoshi could readily serve Mr. Elden at his office at his office at 16506 Avalon Boulevard, Carson California. Samuel Decl., ¶14. Mr. Elden's photograph is on dbest's website and many other locations on the internet. From his television appearances on "Shark Tank" and "Selling Sunset," he is essentially a public figure and is readily recognizable at his office. *Id.*, ¶ 15. From the documents filed with the Court, however, it appears that Haoshi has only tried to serve the Complaint at that address *once*, on December 6, 2023, almost five months ago. Dkt. 20-7.

### III. ARGUMENT

Haoshi's application to serve Mr. Elden by email is unwarranted and should be denied. Haoshi's counsel has had the correct address of dbest's headquarters, where Mr. Elden works, since at least September 8, 2024, when it filed the Complaint, which lists that address in its third paragraph. Dkt. 1, ¶3. Haoshi's process server apparently made only one attempt to serve the Complaint at that address—after dbest's counsel had reached out to Haoshi's counsel to discuss resolving the dispute. From September until mid-March, Haoshi's only attempts to serve the Complaint were merely by asking dbest's counsel to accept or waive service. From mid-March to late April, Haoshi attempted to serve Mr. Elden at the house he sold several years ago, despite Haoshi's counsel acknowledging that her internet search revealed that his address was updated in 2022 to the Avalon

1  Boulevard address where Mr. Elden has his office at dbest. There is no evidence in
2  the record of Mr. Elden evading service to make service difficult for Haoshi.
3        Nor do the cases cited in Haoshi's application support authorizing service by
4  email. First, all of those decisions invoked and relied upon Fed. R. Civ. P. 4(f),
5  which establishes mechanisms for serving *foreign* individuals or companies. The
6  defendants that were allowed to be served by such mechanisms in those cases were
7  foreign companies or individuals. Those cases, and Rule 4(f), are simply not
8  applicable here. Mr. Elden is a United States citizen who lives and works in the
9  same county where this Court sits. Whether Mr. Elden would receive the Complaint
10 if it were served by email is legally irrelevant. There is no reason why Haoshi cannot
11 serve Mr. Elden as provided by Fed. R. Civ. P. 4(e), consistent with the Due Process
12 clause. Haoshi should be required to comply with Fed. R. Civ. P. 4(e).  As such, the
13 application to serve Mr. Elden by email should be denied.
14       Notwithstanding Haoshi's awareness of Mr. Elden's office address since the
15 inception of this case and its inadequate attempt to service him only once in the past
16 eight months at that location, dbest does not oppose granting Haoshi an additional
17 one to two week extension to serve him should the Court choose to exercise its
18 discretion to do so.

## IV. CONCLUSION

For the reasons discussed above, the Court should deny the application.

Dated: May 1, 2024                                  Respectfully submitted,

**ORBIT IP, LLP**

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)