Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant,
DBEST PRODUCTS, INC.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUANGZHOU HAOSHI TRADING CO., LTD., a Chinese Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DBEST PRODUCTS, INC., a California Corporation; RICHARD ELDEN and UNKNOWN ELDEN, a married couple,<br><br>Defendants. | Case No.: 2:23-cv-07487-CBM-JPR<br><br>**DBEST PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11 , 28 U.S.C § 1927 AND THE COURT'S INHERENT POWER**<br><br>JUDGE: CONSUELO B. MARSHALL<br>COURTROOM: 8D<br><br>DATE: June 25, 2023<br>TIME: 10:00 a.m. |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................. 1

II.  FACTUAL BACKGROUND .................................................... 3

    A.   Prelitigation Background ........................................... 3

    B.   Post-Filing Communications ....................................... 4

III. LEGAL STANDARD ........................................................... 6

    A.   Motion for Sanctions Under Fed. R. Civ. P. 11 ................... 6

    B.   Motion for Sanctions Under 28 U.S.C. § 1927 .................. 7

    C.   Motion for Sanctions Under the Court's Inherent Authority ........ 7

    D.   The Court has Discretion to Award Attorney's Fees as a Monetary
    Sanction ............................................................... 8

IV.  ARGUMENT ..................................................................... 9

    A.   When Haoshi Filed its Complaint, it Knew That dbest Had Agreed In
    June 2023 That Haoshi's Cart Did Not Infringe its Patent ............. 9

    B.   When Haoshi Filed its Complaint, It Knew That dbest's Inclusion of
    Haoshi's ASIN Was a Mistake and Unintentional ..................... 11

    C.   When Haoshi Filed its Complaint, it Knew That dbest's Policy Warning
    Did Not Induce or Cause Amazon to Breach its Contract with Haoshi ......... 12

    D.   Haoshi's Counsel Apparently Did No Research on Tortious
    Interference under California Law ..................................... 15

    E.   Intelink Law Group's Conduct Warrants Monetary Sanctions ............. 18

V.   CONCLUSION ................................................................... 21

# **TABLE OF AUTHORITIES**

## CASES

*Air Separation Inc. v. Underwriters at Lloyd's of London*,
   45 F.3d 288 (9th Cir. 1995).................................................................8

*B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091 (9th Cir.2002)...................18

*Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997) ......................................6

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .........................................8

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002)......................6, 15

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ............................6

*Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal. 4th 376 (Cal. 1995) ..........16

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001).........................................7, 18

*Fossil Group, Inc. v. Angel Seller LLC*,
   2021 U.S. Dist. LEXIS 164293 (E.D.N.Y. Aug. 27, 2021) ...................13

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) .....7

*GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369 (Fed. Cir. 2007) .......................17

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ......................................7

*Hotaling & Co. v. Berry Solutions, Inc.*,
   2022 U.S. Dist. LEXIS 178066 (D.N.J. Sept. 29, 2022) .......................14

*Howard Holdings Inc. v. Life Saver Pool Fence Sys.*,
   2023 U.S. Dist. LEXIS 218686 (D. Ariz. Dec. 8, 2023) ...........10, 14, 16

*Hunt v. Sunny Delight Bevs. Co.*,
   2018 U.S. Dist. LEXIS 129294 (C.D. Cal. Dec. 18, 2018) .....................8

*Imprenta Servs., Inc. v. Karll*,
   2022 U.S. Dist. LEXIS 138039 (C.D. Cal. May 13, 2022) .....................8

*Indium Corp. v. Semi-Alloys, Inc.*, 781 F.2d 879 (Fed. Cir. 1985)..............9

*Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870 (9th Cir. 2014) .....................6

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (Cal. 2003) ............16

*MedImmune v. Genentech, Inc.*, 549 U.S. 118 (2007) ...............................5

*Mercasia United States v. 3BTech, Inc.*,

2022 U.S. Dist. LEXIS 114617 (N.D. Ind. June 30, 2020) ................................... 13

*Shenzhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*,

   2021 U.S. Dist. LEXIS 217972 (C.D. Cal. Feb. 21, 2023) ............................ 5

*Truesdell v. Southern Cal. Permanente Med. Group*,

   209 F.R.D. 169 (C.D. Cal. 2002) ........................................................ 7, 9

*WB Music Corp. v. Royce Int'l Broad. Corp.*,

   2023 U.S. Dist. LEXIS 203107 (C.D. Cal. October 19, 2023) .............................. 8

S<small>TATUTES</small>

28 U.S.C. § 1927 ................................................................... passim

R<small>ULES</small>

Fed. R. Civ. P. 11 ................................................................... passim

# I.    INTRODUCTION

Rule 11 of the Federal Rules of Civil Procedure exists to add teeth to the duty of candor to the Court and deter litigants from presenting claims based on unsupported factual allegations or unwarranted legal bases. Plaintiff Guangzhou Haoshi Trading Co., Ltd. ("Haoshi"), by and through its counsel, Michael B. Marion and Lisbeth B. Merrill, has filed with the Court a Complaint (Dkt. 1) that violates Rule 11 in this respect and warrants an award of sanctions.

Specifically, when Haoshi and its counsel filed the Complaint, they knew that there was no case or controversy supporting Haoshi's declaratory judgment claim. dbest had agreed in June 2023 (about three months before the filing of the Complaint) that Haoshi's cart did not infringe dbest's patent. They also knew that the take down of Haoshi's product on Amazon was a mistake and unintentional, and that dbest submitted several requests to Amazon to correct that mistake and reinstate Haoshi's listing. As such, there was no case or controversy when Haoshi filed its complaint on September 8, 2023, seeking a declaratory judgment of noninfringement.

Haoshi also failed to state a claim for tortious interference with contract or "business expectancy." As an initial matter, California _does not_ have a tort of tortious interference with business expectancy, and as such, the assertion of this claim reveals Haoshi's counsel's failure to perform adequate legal research before the filing of the Complaint. Further, Amazon's terms for sellers describe Amazon's policy about how it responds to complaints of intellectual property infringement, and Haoshi accepted those terms. Thus, there is no evidence Amazon breached its

contract, and no facts support the allegations that dbest interfered with Haoshi's contract or "business expectancy" with Amazon.

Although dbest notified Haoshi and its counsel of the deficiencies in the Complaint on January 16, 2024, Haoshi disregarded dbest's notice and recklessly served the Complaint without regard to the irredeemable deficiencies therein. Additionally, despite notice under the 21-day "safe harbor" provision of Rule 11, Haoshi and its counsel have refused to withdraw the Complaint.

Defendant dbest products, Inc. ("dbest") brings this motion because it verily believes in good faith, after carefully considering Haoshi's conduct in this litigation (and giving benefit of the doubt where such is appropriate), that viewed even in the light most favorable to Haoshi, Haoshi's reckless and bad faith conduct warrants sanctions under Rule 11, 28 U.S.C. § 1927 and the court's inherent power. Litigation misconduct to the degree displayed here by Haoshi and its counsel is thankfully exceedingly rare. But when it occurs, the dignity of the Federal Rules and the Court have been impugned, and some penalty should be imposed.

Accordingly, dbest respectfully requests the Court to impose appropriate sanctions against Haoshi and its counsel to compensate dbest for the attorneys' fees and expenses they have been forced to incur to date to seek dismissal of the Complaint and to file the instant motion, and to deter Haoshi from engaging in such egregious misconduct in the future.

## II.    FACTUAL BACKGROUND

### A. Prelitigation Background

To protect its intellectual property, dbest participates in Amazon's Brand Registry Program and regularly monitors online retail websites like Amazon.com for products that infringe its patents and trademarks. Declaration of Kaue Pereira in Support of dbest's Motion to Dismiss Complaint ("Pereira Decl."), ¶ 2. On or about March 20, 2023, Kaue Pereira, the dbest employee responsible for reporting infringing products to Amazon, filed a Policy Warning with Amazon, on behalf of dbest, alleging that a shopping card sold on Amazon under Amazon Standard Identification Number ("ASIN") B0BLC15VGK, along with eighteen other shopping carts sold under other ASIN numbers, infringes dbest's '700 Patent. *Id.*, ¶ 3 and Ex. A. As a result, Amazon automatically assigned Complaint I.D. No. 12290060101 on dbest's Brand Registry Portal and sent Mr. Periera an automatically generated e-mail receipt containing the same Complaint I.D. *Id.*, ¶ 4; *see also* Ex. A (automated e-mail from Amazon with the assigned Complaint I.D. No. 12290060101). On or about June 22, 2023, Mr. Pereira received an email from Haoshi's counsel, Michael B. Marion, attaching a June 22, 2023, letter which explained Haoshi's position as to why Haoshi's cart does not infringe the '700 Patent and requested that dbest reinstate Haoshi's ASIN No. B0BLC15VGK. *Id.*, ¶ 5 and Ex. B.

After a reasonable investigation, dbest recognized that Haoshi's ASIN No. B0BLCV15VGK was included in error as Haoshi's corresponding cart does not infringe the '700 Patent. *Id.*, ¶ 6. On June 27, 2023, Mr. Pereira requested retraction of the complaint against ASIN No. B0BLC15VGK, again using Amazon's Brand

Registry Portal. He referenced the complaint ID that Amazon had assigned his March 2023 Policy Warning notice on dbest's Amazon Brand Registry Portal. *Id.*, ¶ 7. On June 30, 2023, Mr. Pereira advised Mr. Marion by email that dbest had reviewed the matter and retracted its complaint with Amazon so Amazon would reinstate Haoshi's product corresponding to ASIN B0BLC15VGK. *Id.*, ¶ 9.

At this point, the actual controversy about whether Haoshi's cart infringed the '700 Patent was extinguished. Not only that, but dbest made repeated efforts to alert Amazon to its new position that Haoshi's cart does not infringe the patent and its ASIN should be reinstated. Pereira Decl., ¶¶ 7-9, 14-18.

Despite Mr. Pereira's repeated attempts to have Amazon reinstate the ASIN, Amazon has not done so to date. *Id.*, ¶ 19. On September 8, 2023, months after dbest had acknowledged that Haoshi's cart does not infringe its patent, submitted a request to Amazon to retract its complaint, and asked Amazon to reinstate Haoshi's ASIN, Haoshi filed this action against dbest.

**B. Post-Filing Communications**

After the Complaint was filed (but not served), dbest's counsel communicated with Haoshi's counsel and they discussed a possible resolution but those discussions were not productive. Declaration of Ehab M. Samuel in Support of dbest's Motion for Sanctions ("Samuel Decl."), ¶ 3. On January 16, 2024, dbest's counsel sent Haoshi's counsel a comprehensive five-page letter to Mr. Marion and Ms. Merrill. *Id.*, ¶ 5 and Ex. A. The letter includes a discussion of Rule 11's obligations and the Court's power to award sanctions for its violation. *Id.* p. 1. The letter goes on to discuss the communications between Mr. Pereira and Mr. Marion between June 22,

2023 and July 21, 2023 concerning Haoshi's ASIN and dbest's multiple, documented requests to Amazon to reinstate it. *Id.*, p.2.

Counsel for dbest reminded Haoshi's counsel that declaratory judgment requires an actual controversy, a dispute that is "real and substantial," quoting *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). And there "is no actual controversy between Haoshi and Defendants as to whether Haoshi's cart infringes the '700 Patent nor was there actual controversy between them at the time the complaint was filed." Samuel Decl., Ex. A p.3. Haoshi's counsel also cited *Shenzhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, 2021 U.S. Dist. LEXIS 217972, *8, 2021 WL 5234422 (C.D. Cal. Feb. 21, 2023), explaining that a patentee's sending a notice to Amazon alleging that a seller's listings infringe a patent does not necessarily show an actual controversy regarding infringement at the time of the suit. *Id.* He pointed out that the facts in this matter are stronger against actual controversy than those in the *Blisslights* case, because dbest readily agreed that Haoshi's cart does not infringe the '700 Patent and requested to retract its complaint using Amazon's designated procedures on the Brand Registry portal. *Id.* pp. 3-4.

In addition to the lack of controversy, Haoshi's declaratory judgment claim includes allegations that it is entitled to "treble lost profits pursuant to 35 U.S.C. 284." The Rule 11 letter observed that the Declaratory Judgment Act provides for *equitable* relief, not monetary damages, and that 35 U.S.C. § 284 provides for damages for infringement, not for declaratory judgment of non-infringement. *Id.* p.4.

Turning to the tortious interference claim, the letter sets out the elements for tortious interference with contract under California law. *Id.* The letter sets forth the indisputable facts showing that dbest lacked the intent to interfere with Haoshi's selling of "any of its products" through Amazon. Further, Amazon's terms for sellers describe Amazon's policy about how it responds to complaints of intellectual property infringement, and Haoshi accepted those terms. Thus, there is no evidence Amazon breached its contract, so no facts support the allegations that dbest interfered with Haoshi's contract or "business expectancy" with Amazon. *Id.*, p.4. Finally, dbest's counsel warned Haoshi's counsel that defendants would move for sanctions under Rule 11 at the appropriate time if the complaint was not dismissed. *Id.*, p. 5. But dbest's counsel received no answer to the January 16, 2024 letter. Samuel Decl., ¶ 6.

## III. LEGAL STANDARD

### A. Motion for Sanctions Under Fed. R. Civ. P. 11

A court may issue sanctions pursuant to Federal Rule of Civil Procedure 11. Fed. R. Civ. P. 11(c)(1). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of "reasonable inquiry" so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

To analyze a Rule 11 motion, courts conduct a two-prong inquiry. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). The first prong asks whether the pleading is

legally or factually "baseless" from an objective perspective. *Id.* The second asks if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it. *Id.* A "frivolous" filing is one that is "both baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). A Rule 11 inquiry is governed by an objective standard. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537-38 (9th Cir. 1986); *Truesdell v. Southern Cal. Permanente Med. Group*, 209 F.R.D. 169, 174 n. 6 (C.D. Cal. 2002). "Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith." *Golden Eagle*, 801 F.2d at 1538 (internal quotation marks omitted).

**B.  Motion for Sanctions Under 28 U.S.C. § 1927**

A court may also order sanctions under 28 U.S.C. § 1927.  Under this statute, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

**C.  Motion for Sanctions Under the Court's Inherent Authority**

Finally, a court has inherent authority to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose."

*Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 & n.10 (1991)). A district court has discretion with respect to whether to impose sanctions. *Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).

### D. The Court has Discretion to Award Attorney's Fees as a Monetary Sanction

Rule 11 provides that a court may order monetary sanctions, including an award of reasonable attorneys' fees. Fed. R. Civ. P. 11(c)(4). Courts may award attorneys' fees to compensate the party prejudiced by the other party's bad faith conduct. *See, e.g. Hunt v. Sunny Delight Bevs. Co.*, No. 8:18-CV-00557-JLS-DFM, 2018 U.S. Dist. LEXIS 129294, *13, 2018 WL 6786265, *5 (C.D. Cal. Dec. 18, 2018) (awarding defendant its attorney's fees for preparation of second motion to dismiss and motion for sanctions, finding both traceable to plaintiff's misrepresentations); *WB Music Corp. v. Royce Int'l Broad. Corp.*, EDCV16-0600 JGB (SPx), 2023 U.S. Dist. LEXIS 203107, *13-14, 2023 WL 7440424 (C.D. Cal. October 19, 2023) (awarding attorney's fees where motion was frivolous because it was both baseless and made without a reasonable and competent inquiry).

In other cases, courts award fees to punish the party violating Rule 11 and deter it from repeating its misconduct. *See, e.g.*, *Imprenta Servs., Inc. v. Karll*, No. CV 20-6177-GW-PVCX, 2022 U.S. Dist. LEXIS 138039, * 40, 2022 WL 3012820 (C.D. Cal. May 13, 2022) (finding portions of the complaint objectively baseless and lacking evidentiary support and awarding attorney's fees for preparing two merits motions and motion for sanctions, as sufficient "to deter repetition of the conduct") (quoting Fed. R. Civ. P. 11(b)(3), (c)(4)). The primary purpose of Rule 11 is to deter

sanctionable conduct. *Truesdell*, 209 F.R.D. at 175.  Therefore, courts must consider the deterrent effect of any fee award.  *Id.*

## IV.    ARGUMENT

### A.    When Haoshi Filed its Complaint, it Knew That dbest Had Agreed In June 2023 That Haoshi's Cart Did Not Infringe its Patent

Haoshi's counsel, Michael B. Marion, knew for a fact that there was no controversy between Haoshi and dbest regarding infringement of the '700 Patent because he was the person corresponding with dbest's Kaue Pereira about dbest's March 2023 Policy Warning to Amazon. Mr. Marion cannot deny receiving Mr. Pereira's screenshots showing his submission of a request to Amazon to retract dbest's complaint, because Mr. Marion answered Mr. Pereira's email. Pereira Decl., Ex. D.  Mr. Marion also knew that Haoshi had no reasonable apprehension of being sued by dbest for infringement. dbest only sent a policy warning privately to Amazon, and did not include a threat to sue anyone.

Mr. Marion should have been familiar with the "actual controversy" requirement for a declaratory judgment claim. The Federal Circuit emphasized that to create an actual controversy, the plaintiff's "reasonable apprehension" of being sued for patent infringement must exist at the time a declaratory judgment suit is filed. *Indium Corp. v. Semi-Alloys, Inc.,* 781 F.2d 879, 883 (Fed. Cir. 1985). Since then, many federal decisions have analyzed whether declaratory judgment complaints have sufficiently pleaded actual controversy regarding infringement to establish subject matter jurisdiction. Either Haoshi's counsel failed to make a reasonable and competent inquiry before filing the declaratory judgment claim or

they deliberately falsely alleged that a substantial controversy of sufficient immediacy and reality existed to warrant the issuance of a declaratory judgment. This is the very definition of filing a frivolous complaint.

Even if Haoshi's counsel were unaware of the jurisdictional requirements for a claim for a declaratory judgment of non-infringement when they filed the Complaint, they had been made aware of it at least twice before the complaint was served on dbest's registered agent in April 2023. First, in another of Mr. Marion's cases, the District Court for the District of Arizona discussed the actual controversy requirement for subject matter jurisdiction for a claim for declaratory judgment at some length. *See Howard Holdings Inc. v. Life Saver Pool Fence Sys.*, No. CV-23-00503-PHX-DJH, 2023 U.S. Dist. LEXIS 218686, *10-12 (D. Ariz. Dec. 8, 2023). While in that case, the district court concluded that the plaintiff had adequately pleaded actual controversy, counsel should have recognized that here, where dbest had told him its complaint to Amazon was made in error and it had submitted multiple requests to retract it, Haoshi had no reasonable apprehension of suit and there was no actual controversy. Second, a month after the *Howard Holdings* decision, dbest's counsel made the same point in the January 16, 2024 Rule 11 letter.

As such, the only reasonable conclusion is that Haoshi's counsel knew there was no actual controversy but filed the Complaint in violation of Rule 11 and recklessly served it with the false allegations that "a substantial controversy of sufficient immediacy and reality exists". Ignoring dbest's Rule 11 letter and serving the Complaint unreasonably and vexatiously multiplied the proceedings in this case, forcing dbest to file its April 16, 2024 Motion to Dismiss. Haoshi's and its counsel's

recklessness and bad faith in serving the complaint including the frivolous declaratory judgment claim is sanctionable under 28 U.S.C. § 1927 and under the Court's inherent authority to sanction a party.

### B. When Haoshi Filed its Complaint, It Knew That dbest's Inclusion of Haoshi's ASIN Was a Mistake and Unintentional

When dbest filed its complaint with Amazon, it listed nineteen different ASINs as infringing the '700 Patent, not just Haoshi's ASIN. Pereira Decl., Ex. A. Upon receiving Haoshi's non-infringement analysis from Mr. Marion, within a week, Mr. Pereira "responded to the letter by email stating that dbest 'has reviewed the matter" and they 'submitted your ASIN to be reinstated on Amazon." Dkt. 1, ¶ 25. Haoshi's counsel had no good faith basis to allege that dbest acted in subjective bad faith, that is, that it knew Haoshi's cart did not infringe the patent when it filed the Policy Warning notice with Amazon. That is why the Complaint relies so heavily on Haoshi's non-infringement analysis to argue that the policy warning was "baseless and in bad faith." But that does not allege that dbest had *subjective* bad faith.

As discussed above, Mr. Marion knew from his lengthy correspondence with Kaue Pereira that since July 5, 2023, dbest had submitted multiple requests to Amazon to retract its March 2023 complaint so that Haoshi's ASIN could be reinstated. He also knew that dbest had emailed Amazon asking that the ASIN be manually reinstated. But Haoshi nevertheless filed its Complaint falsely alleging that "Defendants have ignored multiple subsequent communications from Plaintiff[] demanding that Defendants retract their baseless infringement claim against Plaintiff." Dkt. 1, ¶ 27. The complaint also alleges that dbest's "failure to withdraw

the patent infringement allegations from Amazon" prevented Haoshi from selling its cart on Amazon's Prime Day, omitting that dbest had submitted multiple requests to retract those allegations and to have Haoshi's ASIN manually reinstated. To the contrary, it was *Amazon* that failed to act on dbest's multiple requests.

There is no excuse for signing a Complaint containing these allegations knowing that they were not just lacking in factual foundation but demonstrably false. This misconduct warrants sanctions under Rule 11.

## C. When Haoshi Filed its Complaint, it Knew That dbest's Policy Warning Did Not Induce or Cause Amazon to Breach its Contract with Haoshi

Many allegations in the Complaint suggest that Haoshi and its counsel knew full well that Amazon's contract with its sellers allows Amazon to disable a seller's listing if it receives a complaint of intellectual property infringement. As such, disabling a seller's listing per Amazon's contract is not a breach. Yet Haoshi's counsel signed the Complaint alleging that defendant's complaint to Amazon intentionally interfered with Haoshi's contract or business expectancy or caused Amazon to breach its contract or terminate its relationship (or business expectancy) with Haoshi. Dkt. 1, ¶¶ 67-72. Count II is frivolous, legally unsupported and without factual foundation, and warrants imposing sanctions under Rule 11.

Notably, Hoashi alleged that "Plaintiff makes its sales through its Amazon.com storefront." Dkt. 1, ¶ 3. "As a result of the Policy Warning, Amazon disabled Plaintiff's ASIN for its Amazon page for the Haoshi Cart." *Id*., ¶ 17. It alleges that Amazon's Seller Performance Team stated that there was enough information to re-enable Plaintiff's listing"—implying that Amazon was following its Intellectual Property Policy for Sellers, which is stated or incorporated by

reference in the standard agreement between Amazon and its sellers.  Dkt. 1, ¶ 21.

Finally, it alleges that defendants complained of patent infringement "knowing that

the consequence would be that Amazon would remove Plaintiff's Amazon store

front…" *Id.*, ¶ 68.

But Haoshi never alleges directly that Amazon's disabling its ASIN was a

breach of its contract or relationship with Haoshi, much less that this was the alleged

breach or "termination" alleged in the complaint to try to state a claim for tortious

interference with contract or business expectancy. Haoshi alleges that dbest's

conduct induced or caused Amazon to breach its contract with Amazon. *Id.* ¶ 72. It

has not alleged any facts, however, to support an inference that Amazon's conduct

was a breach. In other words, Amazon exercises its contractual rights when it takes

actions against sellers upon receiving notice of potential intellectual property

infringement.

District courts have found similar allegations insufficient to state a claim for

tortious interference with contract under similar state tort laws. *See Mercasia United*

*States v. 3BTech, Inc.*, No. 3:17-cv-718-JD-MGG, 2022 U.S. Dist. LEXIS 114617,

*11 (N.D. Ind. June 30, 2020) (denying injunction, finding seller's claim for tortious

interference with contract had almost no chance of success on the merits where it

appeared that Amazon had merely complied with its "Intellectual Property Policy for

Sellers" and seller failed to identify any contract term Amazon had breached by

removing its listings); *Fossil Group, Inc. v. Angel Seller LLC*, 2021 U.S. Dist.

LEXIS 164293, *30-31 (E.D.N.Y. Aug. 27, 2021) (allegations that complaints to

Amazon of counterfeit products interfered with seller's business relationship with

Amazon by causing Amazon to suspend its selling privileges did not state a claim for breach of contractual relationship); *Hotaling & Co. v. Berry Solutions, Inc.*, No. 20-cv-178066, *12, 2022 U.S. Dist. LEXIS 178066, *12 (D.N.J. Sept. 29, 2022) (dismissing tortious interference claim that failed to describe the purported contract or otherwise provide any details regarding its terms, such as how Amazon's suspension of seller's listings would amount to a breach).

As with the actual controversy requirement for subject matter jurisdiction for a declaratory judgment claim, dbest's counsel's January 16, 2024 Rule 11 warning letter argued this point:

> Amazon's terms for sellers describe Amazon's policy about how it responds to complaints of intellectual property infringement. Haoshi accepted Amazon's terms. There is no evidence of an actual breach.

Samuel Decl., Ex. A.

Furthermore, Haoshi's counsel was aware of the need to allege a contractual relationship to state a claim for tortious interference with contract because the Arizona district court had recently dismissed Mr. Marion's client's claim for tortious interference with contract for failure to allege a contract. *See Howard Holdings Inc.*, No. CV-00503, 2023 U.S. Dist. LEXIS 218686, *24 ("… the Court agrees with Defendants that Plaintiff has failed to identify the existence of a specific contractual relationship with a third party…"). The Arizona district court concluded that Mr. Marion's client had stated a claim for tortious interference with business expectancy—under Arizona law, which is "virtually identical" to tortious interference with contract except that it does not require alleging the existence of a specific contract. *Id.*

For all these reasons, by the time the Complaint was finally served on dbest, Haoshi's counsel knew that: (1) if it pleaded the terms of Amazon's contract, it would be facially obvious there was no breach, and (2) if it did not allege a contract, it could not even facially state a claim for tortious interference with contract. Instead, it recklessly recited the elements of tortious interference as allegations, with no regard for truthfulness to the Court. In addition to violating Rule 11, this reckless misconduct multiplied the proceedings, causing dbest to incur attorney's fees and costs. Sanctions under 28 U.S.C. § 1927 are therefore appropriate. Further, because Haoshi made these allegations in bad faith, sanctions are also warranted under the Court's inherent authority to impose sanctions.

### D. Haoshi's Counsel Apparently Did No Research on Tortious Interference under California Law

California _does not_ recognize the tort of tortious interference with business expectancy, as Arizona does. Instead, California has a cause of action for tortious interference with prospective economic advantage. Thus, Haoshi's cause of action on "business expectancy" reveals that Haoshi's counsel failed to perform adequate legal research before filing the Complaint. _See Mattel_, 286 F.3d at 1127 ("[t]he attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.' ")

Haoshi did not just use the wrong name for the California tort of interfering with a party's non-contractual business prospects; because it did not research the

law, it failed to plead all the required elements. The California Supreme Court laid out the elements for a claim of intentional interference with prospective economic advantage in *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal. 4th 376 (Cal. 1995). The elements of intentional interference with prospective economic advantage are: (1) an economic relationship between the complainant and some third party, with the probability of future economic benefit to the complainant; (2) the defendant's knowledge of that economic relationship; (3) intentional acts on the part of the defendant designed to disrupt the economic relationship; (4) actual disruption of the relationship; (5) economic harm to the complainant proximately caused by the acts of the defendant; and (6) an act that is wrongful apart from the interference itself. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (Cal. 2003). Importantly, "[t]he act of interference with prospective economic advantage is not tortious in of itself." *Korea Supply*, 29 Cal. 4th at 1149. Rather, interference is only actionable when the conduct causing the interference violates some constitutional, statutory, regulatory, common law, or other determinable legal standard which forms the basis for a separate legal claim against the defendant. *Della Penna*, 11 Cal. 4th at 408.

Here, Haoshi's counsel seems to have assumed that California law was the same as Arizona law instead of doing rudimentary legal research. Haoshi's Complaint lumps together the Arizona causes of action of tortious interference with contractual relationship and tortious interference with business expectancy, just like the plaintiff's complaint filed in Arizona in *Howard Holdings*. *See Howard Holdings*, 2023 U.S. Dist. LEXIS 218686, *4.

Moreover, Haoshi does not expressly identify any wrongful act other than that "intentionally interfering with Plaintiff's . . . business expectancy, inducing or causing Amazon to . . . terminate its . . . business expectancy with Plaintiff." Dkt. 1, ¶ 72. The inference is that dbest's policy warning to Amazon constituted the interference. But even when a communication alleging patent infringement is the basis of a state-law claim for tortious interference, the claimant must adequately plead that the communication was made in bad faith for it to have been improper. *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007). Elsewhere in the complaint, Haoshi alleges that dbest's assertion of patent infringement was "baseless and in bad faith" (Dkt. 1, ¶ 19), but as discussed in dbest's motion to dismiss, it never alleges any facts that would support an inference of subjective bad faith.

Under Rule 11, an attorney's signature certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, … the claims have a valid legal basis." Haoshi's counsel's inquiry was not reasonable or competent because it did not reveal that California recognizes the tort of tortious interference with prospective economic advantage, not business expectancy, or that to plead the former a claimant must allege an independently wrongful act and, if that act is alleging patent infringement, it must allege objective and subjective bad faith. Therefore, Haoshi and its counsel again violated Rule 11 by signing and filing the Complaint containing Count II.

What's worse is that even when dbest brought it to Haoshi's counsel's attention in its Rule 11 warning letter, instead of amending the Complaint to try

again to state a viable claim, Haoshi and its counsel ignored dbest and recklessly charged ahead with serving their deficient complaint. Therefore, Haoshi and its counsel did not have a Rule 11 basis to assert a claim for tortious interference with "business expectancy." Additionally, their refusal to withdraw the untenable cause of action unreasonably and vexatiously multiplied the litigation. *See, e.g., B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1107 (9th Cir.2002) (holding that misconduct committed "in an unreasonable and vexatious manner" that "multiplies the proceedings" violates § 1927). Finally, Haoshi's bad faith service of the Complaint after it was on notice of its defects warrants sanctions under the Court's inherent authority. *See Fink*, 239 F.3d at 991–992 (9th Cir.2001) (holding that sanctions may be imposed under the court's inherent authority for "bad faith" actions by counsel, "which includes a broad range of willful improper conduct").

### E. Intelink Law Group's Conduct Warrants Monetary Sanctions

When Haoshi's counsel contacted dbest in June to argue that Haoshi's cart should not have been included in dbest's complaint to Amazon of carts being sold on Amazon that infringed dbest's '700 Patent, dbest did the right thing. It considered Haoshi's non-infringement analyses, agreed with it and promptly submitted a request to Amazon to retract the complaint against Haoshi's cart. As of June 30, 2023, there was no controversy about infringement and no basis to believe that dbest filed its complaint in bad faith to interfere with Haoshi's business relationship with Amazon.

Unfortunately, Amazon has not reinstated Haoshi's ASIN, but that does not make dbest's mistake intentional. Amazon automatically assigned Complaint I.D.

No. 12290060101 to dbest, which was different from the Complaint I.D. 12298709291 that was assigned to Haoshi. Pereira Decl., ¶¶ 4 & 14-16. This disconnect between the two Complaint IDs appears to be the reason for why Amazon has not acted upon dbest's repeated requests to reinstate.

Haoshi filed its declaratory judgment claim despite the lack of a case or controversy. Haoshi's counsel should have known or discovered with minimal research that federal courts do not have jurisdiction to issue orders absent a live controversy between the parties. Instead of cooperating with dbest to persuade Amazon to reinstate Haoshi's ASIN, Haoshi's counsel chose to file a complaint full of allegations it knew were factually baseless. Indeed, even if the court issues such an advisory declaratory judgment, there is nothing more that dbest can do to reinstate Haoshi's ASINs.

But Haoshi or its counsel wanted more than a court order declaring that its cart does not infringe the '700 Patent. They wanted money—and lots of it—as compensation from dbest for *Amazon's* puzzling failure to respond to dbest's retraction of its complaint by reinstating Haoshi's ASIN. The Complaint alleges over $250,000 in damages for Haoshi's alleged inability to sell anything, not just shopping carts, on Amazon as though Amazon was the only platform on which Haoshi could sell its products.

Declaratory judgment is an equitable remedy. Haoshi is not entitled to damages as a matter of law for its declaratory judgment claim. Moreover, 35 U.S.C. § 284 only provides for lost profits for infringement. But those aspects of the United

States Code did not stop Haoshi's counsel from frivolously alleging entitlement to treble lost profits under 35 U.S.C. 284 in its declaratory judgment claim.

Likewise, Haoshi's counsel knew Amazon's contract with sellers does not create the expectations that Amazon will continue to allow sellers to list products on its site after a patentee has complained of infringement. They knew dbest had made several attempts to reinstate Haoshi's listing. But sued dbest regardless. Haoshi's counsel did not even research California's tort law to properly allege the elements of tortious interference with prospective economic advantage.

As a result of Haoshi's counsel's filing a complaint full of baseless allegations that still fail to state a claim for declaratory judgment or tortious interference, dbest has been forced to incur attorney's fees and costs to move to dismiss that complaint. Awarding dbest its reasonable attorney's fees would be appropriate to compensate dbest for the harm caused by Haoshi's Rule 11 violations. Haoshi's counsel was put on notice of the deficiencies in the complaint prior to service of the complaint. But ignored dbest's notice and recklessly served the complaint without regard to the irredeemable deficiencies therein. As such, an award of dbest's attorney's fees[1] is necessary to deter Haoshi's counsel from filing frivolous complaints in the future against dbest or others.

---

[1] dbest estimates that it has incurred about $30,000 in attorneys' fees to date. This amount will continue to increase as more time is incurred through the remainder of the briefing and the hearing. dbest can submit the underlying evidence of hours worked and hourly rates incurred to date for *in camera* review at the hearing, in an under seal filing, or through any other procedure that the Court deems proper.

## V. CONCLUSION

For the reasons discussed above, the Court should sanction Haoshi and its counsel for multiplying the litigation under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power, for their abusive litigation practices.

Dated: May 23, 2024   Respectfully submitted,

**ORBIT IP, LLP**

By: ＿/s/ Ehab M. Samuel＿＿＿＿
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)